869 So.2d 612 (2004)
Charles O. DAVIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2337.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
Rehearing Denied April 16, 2004.
Charles O. Davis, Jr., Sanderson, pro se.
No Appearance for Appellee.
THOMPSON, J.
Appellant, Charles O. Davis, Jr., appeals the summary denial of his rule 3.850 motion challenging his conviction and sentence for aggravated battery of a person 65 years or older. The conviction and sentence were affirmed in Davis v. State, 812 So.2d 428 (Fla. 5th DCA 2002).
Davis contends that his trial counsel was ineffective. As explained in Jones v. State, 845 So.2d 55, 65 (Fla.2003), to establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient, because it fell below the objective standard of reasonableness based on prevailing norms, and that the defendant was prejudiced, as there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel, a defendant must allege specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency which prejudiced the defendant. Mere conclusory allegations are insufficient. Id.
We agree with the trial court that Davis failed to meet this standard and make the necessary allegations to show either a deficiency or prejudice. However, as to ground seven, in which Davis alleged that counsel failed to investigate two witnesses who could have testified about another possible suspect, we affirm the denial of this claim without prejudice to Davis's filing a facially sufficient motion which includes the allegation that the witnesses in question were available to testify, if that is *613 the case. See Blanca v. State, 830 So.2d 260 (Fla. 5th DCA 2002).
AFFIRMED.
PETERSON and TORPY, JJ. concur.